IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-83641 |
| | ) | A08-8006-TJM |
| ROBERT WAYNE WILSON and | ) | |
| SHIRLEY KAY WILSON, | ) | |
| | ) | CH. 13 |
| Debtor(s). | ) | |
| SHIRLEY KAY WILSON and | ) | |
| ROBERT WAYNE WILSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TONY WEIHS and | ) | |
| ACE CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiffs have filed a motion for default judgment (Fil. #5) and two amended motions for default judgment (Fils. #6 and #8), which should be granted if the defendants have been properly served with the complaint and summons. However, from the record before the court, it does not seem that service was accomplished according to the applicable rules.

Federal Rule of Bankruptcy Procedure 7004 permits service by first-class mail, personal delivery, delivery to the defendant's residence or agent, publication, or by the methods authorized by state law. Nebraska provides for service in person, at the defendant's residence, or by certified mail. Neb. Rev. Stat. § 25-508.01. None of the Nebraska statutory methods were used here, so the sole issue is whether the plaintiffs properly served the defendants via first-class mail.

It appears that both defendants were served at a post office box. Rule 7004(b) generally requires that service upon an individual by mail be made at the individual's dwelling or place of business, and that service upon a business entity (corporation, partnership, other unincorporated association) be made by addressing the mail to the attention of an officer or agent.  There is no indication in the certificate of service for the business entity that the process was addressed to a particular person. By the same token, it is unclear from the record whether Ace Construction is a sole proprietorship or, if not, how it is organized.

Service on an individual at a post office box may be proper if it is the person's only address. See Wasserman v. Farah (In re Farah), Adv. No. 00-03498 (DHS), 2007 WL 2702653 (Bankr. D.N.J. Sept. 11, 2007):

> Pursuant to the Federal Rule of Bankruptcy Procedure 7004(b)(1), service may be properly effected by mailing a copy of the summons and complaint to an individual's residence or to a place where the individual regularly conducts business or a profession. Fed. R. Bankr.P. 7004(b)(1). However, service of process at a post

office box may be valid against an adversary defendant who lacks either a residence or work address. See also Yates v. Forker (In re Patriot Co.), 303 B.R. 811, 814-15 (B.A.P. 8th Cir. 2004) (service upon the sole shareholder of a debtor-corporation at a post office box was valid as to the shareholder and therefore the debtor, despite the fact that the shareholder was incarcerated at the time of service, because an agent holding power of attorney was authorized to receive mail at the post office box in the shareholder's stead).

Service on a corporate defendant , partnership, or other unincorporated association may be made by mail but must be addressed to the attention of an officer, a managing or general agent, or any other agent authorized by law or appointment to receive service. Service addressed only to the company at a post office box is insufficient. Golden v. The Guardian (In re Lenox Healthcare, Inc.), 319 B.R. 819 (Bankr. D. Del. 2005); In re Braden, 142 B.R. 317 (Bankr. E.D. Ark. 1992) (same).

The motions (Fils. #5, #6, and #8) are denied without prejudice. Plaintiffs may provide proof that service was accomplished in a manner described above, or may re-serve the defendants per the rules.

DATED:    March 6, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
  *Ryan D. Caldwell
  Tony Weihs
  Ace Construction
  Kathleen Laughlin
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.